UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>       v.<br><br>JOSHUA A. ELKINS,<br><br>    Defendant. | NO. **CR-10-0133-LRS**<br><br>**ORDER GRANTING<br>MOTION TO DISMISS** |

**BEFORE THE COURT** is the Defendant's Motion To Dismiss (Ct. Rec. 33). This motion was heard with oral argument on April 27, 2011. Matthew Duggan, Esq., Assistant U.S. Attorney, argued on behalf of the Government. Kailey Moran, Esq., argued on behalf of the Defendant. The Court having considered the oral and written argument of counsel, enters this Order to memorialize and supplement the oral ruling of the Court.

Defendant's motion seeks dismissal of the sole count of the Indictment charging him with Failure to Register in violation of 18 U.S.C. Section 2250(a). Defendant is alleged to have traveled in interstate commerce without registering or updating his registration, in violation of 18 U.S.C. § 2250(a).
Section 2250(a) states:

> (a) In general.--Whoever--
>
> (1) is required to register under the Sex Offender Registration and Notification Act;
>
> (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District

**ORDER GRANTING MOTION TO DISMISS-**          **1**

>of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
>
>(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
>
>(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
>shall be fined under this title or imprisoned not more than 10 years, or both.

Defendant Elkins was convicted of a juvenile offense in 1994, over eighteen years ago. Defendant argues the detailed requirements of the Sex Offender Registration and Notification Act (" SORNA")  as applied to Elkins are punitive and for that reason, violate the Ex Post Facto Clause of the United States Constitution under the holding of *United States v. Juvenile Male*, 590 F.3d 924, 927 (2010).

Defense further argues that the Plaintiff failed in performing its duty to inform him of his responsibilities to register in violation of 42 U.S.C. § 16917 and therefore a conviction under 18 U.S.C. §2250(a) would be a violation of the Due Process Clause.  Defense argues full compliance with SORNA would not have been feasible even if he had known of his obligation to register, as Washington has not yet fully complied with SORNA's registration requirements.   More specifically, the February, March, and April 2010 Registration forms,[1] all fail to indicate that Defendant has duties to register with different requirements than the state duties, or that if he traveled "in interstate commerce" he could face federal prosecution.  Since the Government failed to provide proper notice, in violation of its own regulations, and Defendant was unaware of his registration requirements under SORNA, Defendant argues that allowing this indictment to proceed would violate his due process rights and therefore it must be dismissed.

---

[1] Ct. Rec. 34-1, Attachment A, pp. 52-54.

**ORDER GRANTING MOTION TO DISMISS-**            **2**

The Government argues that *Juvenile Male* does not apply under the circumstances of this case because the Defendant's underlying sex offense adjudication was not a federal prosecution pursuant to the Federal Juvenile Delinquency Act. Further, the Government argues, Defendant did have a pre-existing registration requirement at the time of the Washington Juvenile delinquency adjudication and Defendant had an on-going duty to maintain current sex offender registration, both under state and federal law.

Defendant's prior conviction, a juvenile adjudication, has special significance in considering the issue of the Ex Post Facto Clause. While *Juvenile Male* involved a federal conviction, the Ninth Circuit's holding, that SORNA's retroactively applied juvenile registration provision violates the Ex Post Facto Clause, impacts all former juvenile offenders without regard to whether they were convicted in a state or federal proceeding. As the Ninth Circuit reasoned:

> In some instances, the retroactive implementation of SORNA's provisions will most certainly wreak havoc upon the lives of those whose conduct as juveniles offended the fundamental values of our society but who, we hope, have been rehabilitated. For these reasons, we conclude that the retrocative application of SORNA's juvenile registration and reporting requirement violates the Ex Post Facto Clause of the United States Constitution. [footnote omitted].

*Juvenile Male*, 590 F.3d at 941-942.

Defendant's Motion To Dismiss (Ct. Rec. 33) is **GRANTED**. The Indictment is dismissed with prejudice.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this ___29th___ day of April, 2011.

*s/Lonny R. Suko*
―――――――――――――――――
LONNY R. SUKO
United States District Judge

**ORDER GRANTING MOTION TO DISMISS-**          3